# The Coast Central Mill Company *vs.* The Russell Lumber Company.

Third Judicial District, New Haven, January Term, 1914.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Questions of law not raised in the assignments of error are not entitled to consideration by this court.

Under the Sales Act (Public Acts of 1907, Chap. 212, § 69) prescribing the measure of damages for breach of warranty of quality, evidence of "special circumstances" is admissible to show that the damage is more than the "difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty"; but under our rule, which the Sales Act seems to recognize, such circumstances must have been specially alleged in order to entitle a litigant to prove them. Accordingly, this court will not grant a new trial for the rejection of evidence that the defendant buyer incurred expenses in negotiating a settlement with his customer for defects in the merchandise bought from the plaintiff, where there was no allegation of any such expense in the answer.

The exclusion of evidence, even if erroneous, is harmless if the court finds the fact which such evidence tended to prove.

The defendant offered evidence that one of its customers, to whom it had sold the alleged defective goods which it had received from the plaintiff, had not thereafter purchased any goods of like kind from it, but it did not appear in the record that the defendant had offered to prove that the loss of its customer was due to this sale or that such sale had resulted in any loss to it. *Held* that under these circumstances there was no error in excluding this evidence.

Evidence that the customer's trade had fallen off after its purchase of the alleged defective goods from the defendant was properly excluded as irrelevant upon the issue of the loss of custom by the defendant; and for like reasons, and also because it was hearsay, a letter of such customer, relating to the defective quality of the goods and their effect upon its business, was properly excluded.

A finding should state ultimate, not evidential, facts. A statement of what a witness testified to is not, in that form, even a statement of an evidential fact. Accordingly, an application to rectify a finding by inserting therein statements of the testimony of witnesses, is improper, and is one which neither this court nor an opposing litigant ought to be compelled to consider; nor should the State be burdened with the expense of its printing.

Coast Central Mill Co. *v.* Russell Lumber Co.

Assignments of error, on appeal to this court, must be limited to those claims of law that were raised on the trial and that were included among those whose review was sought in the request for a finding, and these claims must be directly and specifically stated in the appeal.

Submitted on briefs January 21st—decided March 5th, 1914.

ACTION to recover an alleged balance due for shingles sold to the defendant, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $440, and appeal by the defendant. *No error.*

*George E. Beers,* for the appellant (defendant).

*Harry W. Asher,* for the appellee (plaintiff).

WHEELER, J. The plaintiff seeks to recover the price of certain shingles sold the defendant. The defendant admits the shingles were delivered to the Housatonic Company by its direction, and that the amount sued for, less two per cent, would have been due had the shingles been of the quality represented, but pleads that by reason of their defects it had been injured in its business and had lost custom to an amount in excess of $300.

The court found that the goods were not of the quality represented, and that no evidence had been offered of loss of business, except that the defendant had not sold shingles to the Housatonic Company since the sale in suit; that the shingles were sold the defendant at $4.35 a thousand, less five per cent commission and freight charges, and a further two per cent cash discount; that the reasonable value of the shingles at the time and place of delivery was $3.95 a thousand, and that the defendant reduced the price to $3.95 a thousand, whereupon the Housatonic Company accepted the shingles.

The questions at issue on the trial were: (1) Did the plaintiff in the sale break the warranty it had given? (2) If so, what was the damage from the breach?

The first question is one of fact and settled by the finding; the second is one of law relating to the proper rule for the measure of damages.

The defendant argues at length in its brief that the court adopted a wrong rule of damages in measuring the loss from the breach by the amount allowed the Housatonic Company, viz., forty cents a thousand, instead of adding to this sum the expense of adjusting the dispute with the Housatonic Company. It must be remembered that no claim was made in the case that the shingles would have been worth more than the purchase price had they been in quality as warranted.

There are several answers to the defendant's claim. 1. The finding does not show that the allowance made was forty cents a thousand, or that the court took the price so reduced as the equivalent of what was the reasonable value of the shingles at the time and place of delivery. 2. No such error is found among the assignments of error. 3. Under the Sales Act (Public Acts of 1907, Chap. 212, § 69), "the measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty. In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

There were no "special circumstances showing proximate damage of a greater amount," before the court. In adopting, as the rule of damages, the reasonable worth of the shingles as delivered, the court followed the ordinary rule, of the Sales Act, allowing a recoup-

ment for the loss from the breach, of the difference between the value of the goods at delivery and as warranted.

The defendant relies in its brief, on which the case was submitted, upon only four of the rulings on evidence included among the assignments of error. It insists that the question asked of its salesman, "Was that adjustment with him made without trouble and expense?" was admissible in proof of one of the elements of its loss, and that the court erred in confining the loss to the amount allowed the Housatonic Company. Neither this question, nor its related question, "In order to arrive at this adjustment and terms with your customer, what, if anything, did you do?" were admissible.

The latter question was not among the errors assigned on appeal, although pressed in the brief.

A purchaser is entitled to prove any special circumstances which show greater damage to the goods bought than the difference between the value at delivery and as warranted; and if in fact there were expenses connected with the adjustment of this sale with the Housatonic Company, these might properly have been allowed. But damages of this kind are special and must be specially alleged before the right to their proof can exist. *Tomlinson* v. *Derby*, 43 Conn. 562, 566. The Sales Act has not changed this rule, indeed, we think, it contemplates it.

A representative of the Housatonic Company was asked, "Have you bought any shingles of the Russell Lumber Company since the incident?" It was later proven, and the court finds, that the defendant had not thereafter sold the Housatonic Company any shingles, so that, if we assume the question was admissible, no harm was done by its exclusion. Had this fact not appeared in evidence, the exclusion of

the question could not have been reversible error, since the record does not show that the defendant offered to prove that the loss of its custom was due to this sale, or had resulted in loss to it.

The question asked of the representative of the Housatonic Company, "Did it have any effect on your trade, on the number of customers you afterwards had," was properly excluded. It was *res inter alios acta.* The record does not point out its exact purpose. If it was intended to prove the imperfection in the shingles, that has been found by the court. If it was intended to prove loss of custom of the Housatonic Company, that has been found. Without proof, directly or by inference, of resultant loss to the defendant, the evidence offered was immaterial upon the issue of loss of custom.

The letter, defendant's Exhibit 3, of the Housatonic Company to the defendant, relating to the quality of the shingles and the effect upon that company's custom, was also inadmissible for like reasons, and, in addition, was hearsay.

The record furnishes no reasonable basis for the appeal, either in the errors considered, or in those abandoned. The addition to the finding sought by the defendant, calls for the insertion in the finding of what two witnesses of the defendant testified to as to the value of the shingles as delivered. A finding should state ultimate, not evidential, facts; the statement of what a witness testified to is not, in that form, even a statement of an evidential fact. Neither court nor litigant should be compelled to consider an application to rectify of the character of this; nor should the State be burdened with its expense.

The condition of the record leads us to restate our procedure: Assignments of error on appeal must (a) have been based on claims of law made on the trial;

(b) these claims must have been included among the questions of law desired to be reviewed in the request for a finding; and (c) be directly and distinctly stated in the appeal. *Donovan* v. *Davis*, 85 Conn. 394, 396, 82 Atl. 1025; *Maguire* v. *Kiesel*, 86 Conn. 453, 459, 85 Atl. 689; General Statutes, § 798.

There is no error.

In this opinion the other judges concurred.