BRAINERD W. BROWN v. MIDDLE ATLANTIC TRANS-
PORTATION COMPANY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 14—decided July 13, 1944.

Philip R. Shiff, for the appellant (defendant).

Cyril F. Gaffney, for the appellee (plaintiff).

ELLS, J.   The issue is whether the trial court erred
in including the cost of a new motor block in the
damages awarded to the plaintiff for injuries to a truck
owned by him, resulting from a collision with the
defendant's truck in New Britain.

The following facts found by the trial court are
not subject to correction. The motor was in good run-

ning order at the time of the collision. The impact did not crack the motor block. The temperature was below zero. There was enough antifreeze solution in the circulatory system to prevent the fluid in the block from freezing while the motor was running. The driver of the damaged truck promptly notified the plaintiff of the collision; he called a firm in East Hartford which specialized in servicing this type of truck, and it agreed to remove the truck to its garage for repairs. The truck was towed there. It is implicit in the finding that the water in the block froze in the three-hour interim between the collision and the arrival of the truck at the East Hartford garage, for the court found that the freezing of the water and the crack in the block were caused by the negligence of the defendant in cracking the radiator and damaging the motor so that it would not run, thereby making the water remaining in the block susceptible to weather conditions then existing. The defendant claims that there was insufficient evidence to establish the fact that the water froze and cracked the block during this period.

There was evidence that the towing of the truck to the repair garage without the engine running would be one of the principal causes of freezing. The defendant's own expert testified that there were two causes which might have produced the crack in the block, either the collision or freezing, and gave it as his opinion that the cracking was not due to the impact of the collision. The principal contention of the defendant is that there was no evidence to indicate that the block was frozen or cracked when the truck arrived at the repair garage and that it was in fact drained some three or four hours after it arrived there. It does not appear how much water was drawn off when it was drained. The trial court might fairly

have concluded that the crack was a small one and only showed up under the kerosene test. It would take some time for the ice to melt after the truck arrived at the garage, and it might very well have been that, as the ice in the block gradually melted, enough water remained so that it ran out when the petcock was opened in the afternoon. The court was warranted in finding that the water froze and cracked the block before the truck arrived at the garage.

The defendant claims that the cracking of the block was caused by the negligence of the plaintiff in failing to take reasonable precautions to protect it from the weather. The real question is whether the plaintiff failed in his duty to minimize his damages. The standard test in measuring that obligation is that of reasonable conduct. The plaintiff was bound to use reasonable effort and care to prevent resulting damage. *Pratt* v. *Dunlap*, 85 Conn. 180, 186, 82 Atl. 195. "Its duty . . . was to do what was reasonable under the circumstances, that the damages suffered by it might be kept down, and that only." *Bridgeport* v. *Aetna Indemnity Co.*, 93 Conn. 277, 285, 105 Atl. 680. In the present case the court found that immediately after the accident the plaintiff and his driver used all reasonable means known to them in taking care of the truck. The defendant claims that there is no evidence to support this finding or conclusion. It is undisputed that draining the radiator would not empty the water in the tank of the block; that could be effectuated only by opening a separate petcock in the block itself. There was no evidence that the plaintiff or his driver was a mechanic or that they knew of the existence of a separate petcock in the block. The plaintiff arranged for the prompt removal of the truck to a garage. Under these circumstances we cannot say as a matter

of law that the plaintiff failed to do what was reasonable under the circumstances.

There is no error.

In this opinion the other judges concurred.