IRENE S. VOGEL *v.* TOWN OF NEW MILFORD ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued May 5—decided August 13, 1971

*Sidney Vogel,* for the appellant (plaintiff).

*Harry Cohen,* for the appellee (named defendant).

*Terry C. Pellegrini,* for the appellee (defendant Thomas).

SHAPIRO, J. The defendant board of selectmen of the town of New Milford, hereinafter referred to as the board, granted an application of the defendant William E. Thomas, hereinafter referred to as Thomas, for a change of name for his automobile junk yard business from Bill's Garage to Bill's Auto Wrecking, Inc. The plaintiff, an adjoining landowner, appealed to the Court of Common Pleas from the action of the board. That court found the plaintiff to be an aggrieved person. Her appeal was dismissed and she has now appealed to this court from the judgment rendered.

The plaintiff assigns error in the trial court's refusal to find certain facts which she claims are admitted or undisputed. One addition claimed by the plaintiff is implicit in the finding as made. *Broderick* v. *Shea,* 143 Conn. 590, 591, 124 A.2d 229. Since the remaining additions sought are either immaterial or are nowhere shown to be admitted or undisputed, no corrections are warranted. Practice Book § 628 (a); *Martin* v. *Kavanewsky,* 157 Conn. 514, 516, 255 A.2d 619; Maltbie, Conn. App. Proc. § 158.

The trial court found these unchallenged facts: The plaintiff resides on and owns property in New Milford adjoining land of Thomas and his wife, Maybelle, on which Thomas, as sole proprietor, operated an automobile junk yard under the name of Bill's Garage. Since June 14, 1967, by resolution adopted at a duly-warned town meeting, both properties have been in a restricted district where the further establishment of automobile junk yards is forbidden. On November 26, 1963, prior to the establishment of the restricted district, pursuant to statutory requirement, Thomas applied for a license to operate an automobile junk yard which, after a hear-

ing, was granted by the local authority on December 13, 1963. The automobile junk yard has been in operation since that day. On January 23, 1969, Thomas filed a trade name certificate in the town clerk's office indicating that he was conducting business as an individual under the name of Bill's Auto Wrecking. On March 13, 1969, Thomas, his wife and one other person executed a certificate of incorporation in the name of Bill's Auto Wrecking, Inc.[1] Thomas transferred no assets to the corporation nor did he take any further steps to complete its organization. On June 13, 1969, he made an application to the board for permission to change the name of the junk yard business from Bill's Garage to Bill's Auto Wrecking, Inc. The application was duly advertised on June 19, 1969, and was followed by a public hearing on July 11, 1969, where the plaintiff offered opposition and the board granted the application. No stenographic or mechanical record of the public hearing before the board was made.

The plaintiff has challenged, as being without evidence, the finding of fact that the resolution of the board on June 14, 1967, creating the restricted district, was never published as required by § 21-24 of the General Statutes.

The trial court reached the following conclusions: (1) The defendant Thomas was granted a junk yard license by the town of New Milford on December 13, 1963, and from said date until the present time has conducted his business at the approved location;

---

[1] Section 33-291 (c) of the General Statutes provides that subject to the dissolution provisions of chapter 599, "a corporation shall have perpetual succession by its corporate name unless a limited period of duration is stated in its certificate of incorporation." The certificate of incorporation in this case, in the name of Bill's Auto Wrecking, Inc., states no limited period of duration.

(2) the change of name in this case does not constitute the issuance of a new license contrary to the restricted district ordinance adopted June 14, 1967; (3) the defendant Thomas was the dominant shareholder of the corporation Bill's Auto Wrecking, Inc.; (4) the corporate form may be disregarded where it is the mere instrumentality or alter ego of the dominant shareholder; (5) the resolution of June 14, 1967, was never validly adopted by the town of New Milford in that the proposed regulation was never published by the town clerk pursuant to § 21-24 and (6) the defendant Thomas cannot be estopped from denying legal publication by the defendant town of New Milford.

## I

The plaintiff assigns as error the overruling of her claim of law that the action of the board in granting Thomas' application of June 13, 1969, for a change of name from Bill's Garage to Bill's Auto Wrecking, Inc., is arbitrary, capricious, in abuse of discretion and contrary to the law because there was an actual change of ownership before the date of the hearing on July 11, 1969, from Bill's Garage to Bill's Auto Wrecking, Inc., a corporation. As earlier recited, the trial court made an uncontested finding of fact that a certificate of incorporation was duly executed on March 13, 1969. Section 33-289 (a) (2) of the General Statutes provides that on endorsement of the certificate of incorporation by the secretary of the state the corporate existence begins. The copy of the endorsed certificate is made conclusive evidence that all conditions precedent to incorporation have been complied with and that the corporation has been duly incorporated. § 33-289 (b). Thus,

since the certificate of incorporation was endorsed by the secretary of the state, the corporation existed as a separate legal entity at the time of the hearing of July 11, 1969.

Since the trial court made an uncontested finding that no assets of the individual defendant Thomas were transferred to the corporation, the trial court was correct in overruling the plaintiff's claim of law that ownership of the junk yard was transferred to the corporation prior to the hearing on July 11, 1969.

## II

The plaintiff assigns as error the conclusions of the court (1) that Thomas was the dominant shareholder of the corporation, Bill's Auto Wrecking, Inc., and (2) that the corporate form may be disregarded if it is the mere instrumentality or alter ego of the dominant shareholder. These conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. Here, there is nothing in the court's finding of fact to support its conclusion that Thomas was the dominant shareholder of Bill's Auto Wrecking, Inc., nor is there anything to indicate that if he was, his control was being used in this case to commit a fraud or to perpetuate a dishonest or unjust act. There is, in fact, nothing in the record before us which would support the application of the "instrumentality" or "identity" rules as set out in *Zaist* v. *Olson,* 154 Conn. 563, 575, 227 A.2d 552, which would permit us to disregard the corporate form. Thus, the conclusions of the trial court cannot stand.

## III

The plaintiff assigns as error the overruling by the trial court of her claim that the board acted arbitrarily, capriciously and contrary to law in granting Thomas' application of June 13, 1969, for a change of name, in that a motor vehicle junk yard license is by statute revoked and ended on the sale, transfer or conveyance of such business. The plaintiff relies on the provisions of § 21-20 of the General Statutes.[2] Since the trial court found there had been no sale, transfer or conveyance of the junk yard by the individual defendant Thomas to the corporation, the plaintiff's claim of law that the continuance of Thomas' license had thereby by statute been revoked and ended is without merit.

It should further be observed that under § 21-20 the revocation of a license is not made automatic even if a sale takes place. In that event the legislature has given the power to revoke the license to the commissioner of motor vehicles. Thus, the plaintiff has improperly asked this court to declare the license revoked. The commissioner of motor vehicles is not a defendant in this action, nor is this a proceeding as authorized under § 21-25[3] to compel him

---

[2] Section 21-20 of the General Statutes provides: "Any license issued by the commissioner of motor vehicles under the provisions of this chapter shall be revoked by, and surrendered to, said commissioner upon the sale, transfer or conveyance of any such licensed junk yard or business."

[3] Section 21-25 of the General Statutes provides in pertinent part: "[A]ny person, firm or corporation aggrieved by any action of the commissioner of motor vehicles or his authorized representative, taken pursuant to said provisions, may, within said time of thirty days and upon giving such bond, appeal to the court of common pleas for the county of Hartford, in the same manner as is provided for appeals in civil actions. Upon any such appeal, said court shall make such order in relation to the action appealed from as it deems equitable."

to act pursuant to his powers under either §§ 21-20 or 21-26. The plaintiff here claims merely to be a party aggrieved from the action of the local board under § 21-25 and her standing is based solely on that statute.[4]

## IV

The plaintiff also assigns as error the trial court's overruling of her claim of law that the action of the board in granting the application of the defendant Thomas for a change of name was arbitrary, capricious, in abuse of discretion and contrary to law, in that there is no provision in the General Statutes authorizing the transfer of a motor vehicle junk yard authority from one owner to another under the guise of a change of name.

As earlier recited, the uncontested findings of the trial court were that on June 13, 1969, Thomas applied to the board for permission to change the name of the junk yard from "Bill's Garage" to "Bill's Auto Wrecking, Inc."; that the application was duly advertised in the local paper on June 19, 1969; and that at a public hearing on July 11, 1969, over the opposition of the plaintiff, the board granted the application for a change of name.

The defendant board in its brief to this court readily admits—in fact, vigorously asserts—that the hearing only accomplished a change of name. The published notice for the board hearing, however, indicates that the board was acting pursuant

[4] Section 21-25 of the General Statutes provides in pertinent part: "Any person, firm or corporation aggrieved by the action of any local officials, zoning commisssion or board, taken pursuant to the provisions of this chapter, may, within thirty days from the date of the action complained of and upon giving bond in the sum of one hundred and fifty dollars, appeal to the court of common pleas for the county within which such town, city or borough is situated."

to §§ 21-16 and 21-17 of the General Statutes.[5] Yet the board in its brief maintains that the published notice for the hearing was "for a change of name and nothing else."

Section 21-16 provides in part that "[n]o person, firm or corporation shall establish, operate or maintain a motor vehicle junk yard . . . unless a certificate of approval of the location to be used therefor has been procured from the selectmen . . . of the town." Section 21-17 provides for a written application for a certificate of approval, a hearing on such application, written notice of the hearing to the applicant, local newspaper publication and prescribes what the local authority shall take into account in considering the application. Clearly, in considering the application of the defendant Thomas as merely seeking a change of name for his existing business, the board improperly invoked §§ 21-16 and 21-17, since both require the board to make certain determinations before a person, firm or corporation can establish, operate or maintain a motor vehicle junk yard.[6] We find no authority under

---

[5] "NOTICE

In compliance with Sections 21-16 and 21-17 and any other pertinent sections of the Connecticut General Statutes, Revision of 1958, and any other amendments thereto, the undersigned will hold a Public Hearing on Friday, July 11, 1969, at 11:00 A.M. in the Conference Room at Town Hall in the Town of New Milford upon the application of William E. Thomas for a change of name for his business located off Route #7 in the Boardman District in New Milford, Connecticut from 'Bill's Garage' to 'Bill's Auto Wrecking, Inc.' Said application is dated June 13, 1969.

Dated at New Milford, Connecticut, this 13th day of June, 1969.

RUSSELL V. CARLSON

J. RICHARD GEBHARDT, JR.

E. PAUL MARTIN

Board of Selectmen"

[6] Section 21-16 of the General Statutes requires the board in considering an application for a certificate of approval, to certify that

chapter 406 of the General Statutes, entitled Motor Vehicle Junk Yards, which permits a board of selectmen to grant a change of name from an individual to a corporate ownership. Separate legal entities may not successfully avoid the legislative mandates of chapter 406 by exchanging identities. If, in fact, the corporation, Bill's Auto Wrecking, Inc., intended to operate the motor vehicle junk yard, it could not accomplish that purpose by the devious device of seeking a change of name. What would be required is compliance with the provisions of chapter 406, requiring, inter alia, the obtaining of a certificate of approval of the location from the selectmen pursuant to a hearing on a written application under §§ 21-16 and 21-17 and the granting of a license on an examination of the location by and the approval from the commissioner of motor vehicles under §§ 21-16, 21-18 and 21-22. In short, the corporation, as a legal entity, separate and apart from Thomas, would be required to apply as a new applicant and abide by the legislative mandate under chapter 406. The board, in granting an application for a change of name, acted arbitrarily and contrary to law.

## V

The plaintiff assigns as error the overruling by the trial court of her claim of law that the board

the location is suitable for the proposed use, consideration being given to the factors specified in § 21-17.

Section 21-17 of the General Statutes provides in pertinent part that the board "shall take into account the nature and development of surrounding property; the proximity of churches, schools, hospitals, public buildings or other places of public gathering; the sufficiency in number of other such yards or businesses in the vicinity; whether or not the location is within a restricted district established as provided in section 21-23; the health, safety and general welfare of the public and the suitability of the applicant to establish, maintain or operate such yard or business and to receive a license therefor."

acted arbitrarily, capriciously and contrary to law in granting Thomas' application of June 13, 1969, for a change of name because the premises were in a restricted district and this precluded such action by the board. The plaintiff assigns as error the conclusion of the trial court that the restricted district ordinance of June 14, 1967, was never validly adopted by the board. The plaintiff claims that this conclusion is not supported by any factual evidence, because it is based on the trial court's finding that the resolution of June 14, 1967, was never published as required by § 21-24, and this factual determination was made without evidence. The plaintiff also assigns as error the trial court's conclusion that the defendant Thomas cannot be estopped from denying legal publication of the restrictive ordinance.

We need not discuss these assignments of error directed to the issue of the validity of the restrictive ordinance of June 14, 1967, for in order to uphold the action of the board, we must conclude that the board did not act arbitrarily and capriciously (1) in both ignoring the separate identity of a new applicant for a certificate of approval under § 21-16 and treating the proceeding merely as one for a name change, and (2) by failing to take into account, as required under § 21-17, a restrictive district ordinance that may have been in effect. Since we have concluded that the action of the board was improper as to (1), the defendant corporation cannot succeed in obtaining approval to operate a junk yard as a result of the July 11, 1969, hearing, regardless of the outcome on the issue of the validity of the 1967 restrictive ordinance.

The plaintiff has pursued several other assignments of error which we need not review since they will not affect the final result.

There is error, the judgment is set aside and the case is remanded for the rendition of a judgment directing the board of selectmen of the town of New Milford to deny the application for a change of name from the individual defendant Thomas to the corporate defendant, Bill's Auto Wrecking, Inc.

In this opinion the other judges concurred.