EDWARD WILLAMETZ v. HYMAN GOLDFELD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Submitted on briefs March 5—decision released September 21, 1976

*J. Francis Hayden* and *William D. Shew,* on the brief, for the appellant (plaintiff).

*John A. Spector,* on the brief, for the appellee (defendant).

LONGO, J. The sole issue in this appeal is the sufficiency of damages awarded to the plaintiff by the Superior Court for the defendant's repudiation of a contract for regrading and the sale of fill and other earth materials. The facts of this case as found by the trial court are as follows: On July 29, 1968, the plaintiff, an excavating and road building contractor, and the defendant, a real estate developer, entered into a written agreement whereby the plaintiff was given permission to enter a tract of land, which the defendant purportedly owned, located in Wallingford, Connecticut, and to remove 132,000 cubic yards of surplus earth mate-

rial or fill. The plaintiff agreed to pay fifteen cents a cubic yard to the defendant for the material, and he also agreed to regrade 34,000 cubic yards of earth for which the defendant agreed to pay forty-five cents per cubic yard for the regrading. In addition the plaintiff agreed to pay a $2000 commission of the agent who acted as intermediary for the parties.

On August 6, 1968, the plaintiff began work at the project site with a power shovel, a bulldozer, four trucks, and a crew of six workmen. Soon after work was begun, the plaintiff and his crew were stopped by the town building inspector because no permit for the work had been issued. The plaintiff immediately contacted the defendant, who assured him that the inspector was mistaken and that a permit had been obtained. The plaintiff recommenced work one week later and was again stopped by the inspector. The parties corresponded during the month of August, as the defendant was considering changing the plan and accelerating the work schedule and had asked the plaintiff for a new estimate based upon these changes. The plaintiff submitted the estimate, but specified that the new figures were not intended as a modification of the terms of the agreement of July 29. While the plaintiff was waiting to be advised when he could begin work at the site, another contractor began work there. The plaintiff complained to the defendant. In a letter received by the plaintiff on September 14, the defendant repudiated the agreement. The plaintiff immediately removed his equipment from the site. Subsequently, the plaintiff discovered that the defendant did not own or have a leasehold interest in the site, nor did he have permission to authorize work on the site.

The plaintiff brought this action to recover damages resulting from the defendant's breach of the written agreement. The defendant filed four special defenses claiming that the agreement was not a valid and binding contract, and filed a counterclaim for damages against the plaintiff in the event that the agreement was found to be a valid and binding contract. The trial court held that the agreement was a valid and enforceable contract and that it had been wrongfully repudiated by the defendant. Judgment was rendered for the plaintiff on the complaint and the counterclaim, and the court awarded damages to him totaling $22,513, plus interest. That total included sums for loss of the profits the plaintiff would have earned on the grading job, for the cost of moving the power shovel and bulldozer to the site, for loss of the use of the shovel and bulldozer during the thirty-five days they remained at the site while the plaintiff waited for the defendant to obtain a work permit, and for loss of the use of the four trucks during the two days in August of 1968 when the plaintiff actually attempted to work at the site. The plaintiff has appealed to this court, claiming that the damages awarded by the trial court were insufficient in amount.

The plaintiff has made numerous assignments of error. In many of them, the plaintiff claims that the court erred in failing to include in its finding certain paragraphs of the draft finding which contain material facts which are admitted or undisputed. To secure additions by this court on that ground, however, "it is necessary for an appellant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the appellee admitted that the fact in

question was true or that its truth was conceded to be undisputed. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; *State* v. *Dukes,* 157 Conn. 498, 500, 255 A.2d 614; Maltbie, Conn. App. Proc. § 158. That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. Practice Book § 628 (a). The trier is the judge of the credibility of witnesses. *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534, and cases cited therein." *LaReau* v. *Warden,* 161 Conn. 303, 304, 288 A.2d 54. Of the paragraphs of the draft finding which the plaintiff seeks to add, several will not be added because they contain facts which are implicit in the finding; see *Vogel* v. *New Milford,* 161 Conn. 490, 491, 290 A.2d 231; *Broderick* v. *Shea,* 143 Conn. 590, 591, 124 A.2d 229; and others will not be added because they are immaterial. See *Salvatore* v. *Milicki,* 163 Conn. 275, 277, 303 A.2d 734, and the citations contained therein. The remaining paragraphs are replete with testimonial evidence, chiefly that of the plaintiff, which was introduced at trial and which, in some instances, was directly contradicted by the testimony of other witnesses. We conclude, therefore, that correction of the findings of fact is not warranted in this case. Accordingly, we consider only those assignments addressed to the trial court's conclusions as to damages.

We first consider whether the trial court erred in awarding damages for loss of the use of the plaintiff's four trucks for a time of only two days, although the plaintiff had claimed damages for loss of their use for a period of thirty-five days. In its memorandum of decision, to which we can turn to ascertain the ground on which the court acted; see *Ruggles* v. *Town Plan & Zoning Commission,*

154 Conn. 711, 712, 226 A.2d 108; the court noted that, unlike the power shovel and bulldozer, the trucks were mobile and when the work was delayed they could easily have been removed from the project site to be used elsewhere and returned when the work commenced. Therefore, the court limited its award for loss of use to the two days in August when the plaintiff actually attempted to work at the site, although the plaintiff's trucks had been left there idle for thirty-five days. The plaintiff clearly had a duty to exercise reasonable conduct to minimize the damages occasioned by the defendant's breach; *Brown* v. *Middle Atlantic Transportation Co.,* 131 Conn. 197, 199, 38 A.2d 677; see *Camp* v. *Cohn,* 151 Conn. 623, 627, 201 A.2d 187; *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 425, 106 A.2d 476; and the court will measure damages as though he had acted reasonably. See 22 Am. Jur. 2d, Damages, § 203. In view of the facts appearing in the record before this court, we conclude that the trial court did not err in its award of damages for loss of use of the trucks.

We next consider the plaintiff's claim that the trial court erred in failing to award damages he claimed under General Statutes § 42a-2-713, entitled "Buyer's damages for . . . repudiation," which provides: "(1) Subject to the provisions of section 42a-2-723 with respect to proof of market price, the measure of damages for . . . repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages provided in section 42a-2-715 . . . . (2) Market price is to be deter-

mined as of the place for tender or, in cases of rejection after arrival or revocation of acceptance, as of the place of arrival."

It was incumbent upon the plaintiff to offer evidence sufficient to prove the damages claimed. See *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 199, 286 A.2d 308. An award of damages under § 42a-2-713 for the difference between the market price and contract price is subject to proof of the market price at the place of tender as of the time when the buyer learned of the breach of the contract. To prove market price, the plaintiff relied upon his own testimony, the testimony of a witness for the defendant, and the deposition of one of the owners of record of the project site. That deposition was an exhibit at trial and is part of the record before this court, and includes the owner's testimony that he offered to sell fill from the site to the plaintiff in October of 1968 for $95,000. The $95,000 figure is clearly immaterial to the issue of proof of market price as it represents a unilateral offer by the owner, and the cubic yardage of earth material which the owner offered to sell for that price was not specified. The plaintiff's reliance upon the testimony of the defense witness is misplaced for, as that witness expressly stated that he could not testify as to the market price of earth materials in 1968 when the breach occurred, his testimony was clearly immaterial. The plaintiff himself testified as to the market price. "The weight and degree of credibility to be given to this testimony, however, was for the trial court to determine. *Fruchtman* v. *Manning,* 156 Conn. 500, 505, 242 A.2d 723; *Brockett* v. *Jensen,* 154 Conn. 328, 330, 225 A.2d 190." *Dimmock* v. *New London,* 157 Conn. 9, 13, 245 A.2d 569. The trial court made no

findings of fact as to the market price in Wallingford in September of 1968 of the 132,000 cubic yards of earth material which the plaintiff had contracted to purchase from the defendant, and, as we stated in our discussion of the plaintiff's assignments of error, the finding is not subject to correction.

The plaintiff also made two claims for consequential damages, the first of which is for loss of profits he would have earned on the resale of the earth materials. The plaintiff testified that he had five oral contracts with third parties for the resale of the materials, but none of those third parties were called as witnesses on his behalf. As his testimony on this point involved questions of credibility for the trial court to determine; see *Slavitt* v. *Ives,* 163 Conn. 198, 303 A.2d 13; *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262; we cannot disturb the court's conclusion that the plaintiff had failed to sustain his burden of proof of the alleged contracts for resale and the damages resulting from his inability to carry them out. See *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67.

As to his second claim for consequential damages, the plaintiff alleged that he planned to use some of the earth materials purchased from the defendant on other property which the plaintiff had an option to purchase, and he claimed damages caused by the defendant's failure to supply that material. The court disallowed this claim, concluding that the plaintiff had not proved those damages. That conclusion will not be disturbed as it is based upon a determination of credibility; *French* v. *Oberreuter,* supra; and as it is supported by the facts as found by the court.

Therefore, we hold that the trial court did not err in concluding that the plaintiff had failed to prove the damages which he claimed under § 42a-2-713 and in awarding damages in the amount of $22,513, plus interest in the amount of $7,766.98.

There is no error.

In this opinion the other judges concurred.