JOHN CUTLER ET AL. *v.* JOHN T. MACDONALD ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued January 6—decision released April 18, 1978

*Bernard F. McGovern, Jr.,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellants-appellees (defendants).

*Edward T. Lynch, Jr.,* for the appellees-appellants (plaintiffs).

ARTHUR H. HEALEY, J. The plaintiffs[1] instituted this action against certain state officials: the executive secretary of the commission on special revenue, the commissioner of personnel and administration and the chairman of the personnel appeal board. During the course of this action a number of individuals, who were either field representatives or marketing specialists in the lottery division of the commission on special revenue, were cited in as additional defendants.

---

[1] All thirteen plaintiffs are individuals except one which is a corporate plaintiff, i.e., The Connecticut Employment Union "Independent," Inc., a Connecticut nonprofit corporation. In this opinion the term "plaintiffs" is to be taken as applying to the individual plaintiffs only.

The plaintiffs brought this action after each of them either failed to obtain a passing examination score or an examination score sufficiently high to become eligible for a permanent appointment by the commission on special revenue to the position of field representative or marketing specialist as the result of taking an examination for those positions. Their amended complaint includes allegations that their employee status was not clear, that the examination administered to them was not job related, that that examination was administered in derogation of certain statutes and regulations, that certain grievances filed by them after the notification of the examination results and proposed dismissal and termination with loss of various benefits were rejected and that they were refused a hearing concerning them, that they were refused permission to look over their examination and their answers on it, that they were advised that they would be terminated as of a certain date, and that such termination would deprive them of various benefits in violation of the law.

The relief sought included "[a] mandatory injunction reinstating the plaintiffs and those similarly situated[2] to the permanent positions held previous to their dismissal with rights and emoluments pertinent thereto," that "[i]n the event an exam is found necessary that a writ of mandamus

[2] Although the plaintiffs allege in their amended complaint that "[b]ecause it would be impractical or unreasonably expensive to make all employees parties to this action the plaintiffs hereby invoke the provisions of § 52-105 of the Connecticut General Statutes authorizing one party to institute a class action," the record discloses that the allegation was not properly pressed. Practice Book § 52; *Lublin* v. *Brown*, 168 Conn. 212, 214, 362 A.2d 769; *Connecticut Society of Architects, Inc.* v. *Bank Bldg. & Equipment Corporation*, 151 Conn. 68, 74, 193 A.2d 493.

be issued ordering a new job-related exam and that the plaintiffs and those similarly situated be reinstated pending the results of such exam," "[s]uch other relief as the court may deem necessary or appropriate, both in law and equity," money damages, attorney's fees and costs. The defendants interposed several special defenses and trial was had to the court. The trial court rendered judgment for the plaintiffs, ordering the defendant commissioners of personnel and administration and of special revenue to administer a job-related examination to the plaintiffs concerning their applications for positions as field sales representatives and marketing specialists with the commission on special revenue. The trial court, however, found for the defendants as to all other issues. From that judgment for the plaintiffs, the defendant executive secretary of the commission on special revenue, commissioner of personnel, and the commission on special revenue have appealed. The plaintiffs have also appealed to this court from the judgment rendered "on issues favorable to the defendants."

The defendants on their appeal and the plaintiffs on their cross appeal have each made certain assignments of error. Among the assignments made by both parties is the error that the trial court committed in failing to find as material facts certain paragraphs of the draft finding filed by each party. Before going to the claims we consider dispositive of this case we turn now to the mutual claims of failure to find as material facts certain paragraphs of the draft findings. This court may correct a finding which fails to include admitted or undisputed facts. Practice Book § 627; *Salvatore* v. *Milicki,* 163 Conn. 275, 277, 303 A.2d 734; *Solari* v. *Seperak,* 154 Conn. 179, 182, 224 A.2d 529. Corrections of

findings of fact will only be made upon the refusal of the trial court to find a material fact which was an admitted or undisputed fact. Practice Book § 628 (a). "A fact, however, is not admitted or undisputed simply because it is uncontradicted." *Freccia* v. *Martin,* 163 Conn. 160, 162, 302 A.2d 280. "That a fact was testified to and was not directly contradicted by another witness is wholly insufficient. Practice Book § 628 (a)." *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619. Where any proposed addition consists of a fact that is implicit in the finding as made, it is not required to be added. *Vogel* v. *New Milford,* 161 Conn. 490, 491, 290 A.2d 231; *Broderick* v. *Shea,* 143 Conn. 590, 591, 124 A.2d 229. To secure an addition to the finding the party seeking it must point to some part of the appendix, the pleadings or an exhibit properly before us which discloses that the other party admitted the truth of the fact or that its validity was conceded to be undisputed. *State* v. *Warren,* 169 Conn. 207, 214, 363 A.2d 91; *Walsh* v. *Turlick,* 164 Conn. 75, 77, 316 A.2d 759. Certain additions requested involve facts which are immaterial and, thus, not required to be added. *Martin* v. *Kavanewsky,* supra, 516; *Greenwich Contracting Co.* v. *Bonwit Construction Co.,* 156 Conn. 123, 128, 239 A.2d 519. We have carefully examined the claims of the parties and have determined that neither of them is entitled to the additions sought as there was no failure on the part of the trial court to include any paragraphs of either draft finding which were admitted or undisputed. *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536.

The finding discloses the following facts: On or about March 16, 1973, the plaintiffs became provisional employees in the classified service of the

state of Connecticut as either field service representatives or marketing specialists with the defendant commission on special revenue. On July 16, 1973, after their provisional appointments had expired, the plaintiffs were retained on the state payroll as emergency employees. On or about September 16, 1973, after their emergency appointments had expired, the plaintiffs were further retained on the state payroll as temporary employees. On or about September 5, 1973, examinations for the positions in the classes of field representative (No. 7803) and marketing specialist (No. 7804) were given to determine a list of eligible individuals for permanent appointment to the positions which the plaintiffs were provisionally holding at the time. Both examinations, hereinafter referred to as "the examination," were administered as one examination. Although the examination contained a total of one hundred questions, those plaintiffs who were eligible only for the field representative position answered only the first eighty questions while those plaintiffs eligible for either the marketing specialist position or the field representative and marketing specialist position answered an additional twenty questions for a total of one hundred questions. The examination was prepared by employees of the state personnel department. The duties, required minimum qualifications, experience and training, and principal accountabilities for each class of position were set forth in the respective job specifications of the classes of field representative and marketing specialist created by the personnel policy board on March 16, 1973. On the examination administered on September 5, 1973, each plaintiff either failed to obtain a passing score or a score sufficiently high to become eligible for a permanent

appointment by the commission on special revenue to a field representative or marketing specialist position. The September 5, 1973, examination was the first examination ever given for positions in the field representative class and all candidates for that position were required to take the same written examination on that date. All examinees, including those with advanced reading skills, had adequate time in which to complete either examination. It is a difficult job to prepare an examination to test the qualifications, fitness and abilities required of field representatives. The job of marketing specialist and field representative had little or no responsibility.

Harry J. LaPine, the plaintiffs' witness, had been a full-time member of the psychology department at Central Connecticut State College for the past twelve and one-half years engaged chiefly in the instruction of college classes. LaPine, who holds both M.A. and Ph.D. degrees from the University of Chicago, belongs to the American Psychological Association, the Division of Tests and Measurements, and the National Council of Measurement in Education. He has authored reports making extensive use of tests as well as the article, "Do G.E.D. Tests Really Measure Education Experience." In addition to having numerous tests credentials and having developed a specialty in testing, he teaches tests and measurements. LaPine examined the test for field representative and marketing specialists which was administered to the plaintiffs. He "testified" in support of the allegations of the amended complaint pertaining to the examination in question. In reviewing the examination in preparation for his testimony, LaPine interviewed one employee and

two former employees of the commission on special revenue and read General Statutes § 5-219 and the regulations of the commission on special revenue. He also studied the job notices, examined the test item by item and "made analysis of job relevancy in the internal process which would be involved in answering the questions."

The last two paragraphs under the trial court's finding of facts recited the following: "28. Harry J. LaPine *testified* to the job relevancy of each question on the test. 29. Harry J. LaPine *testified* that only nine (9) out of the entire eighty (80) questions on the field representative portion of the test were not faulty in one way or another." (Emphasis added.)

While the court made a number of conclusions, our disposition of the defendants' appeal requires that we discuss only three of them at any length. We need not review other conclusions where to do so would not affect the final result. *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 134, 357 A.2d 910. The court concluded that the examiation was not job related, that the duty to conduct only job-related examinations is not of a discretionary nature and that an order in the nature of mandamus is available to enforce that obligation. "Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. The court's conclusions are to be tested by the findings and not by the evidence." *Yale University* v. *New Haven,* 169 Conn. 454, 464, 363 A.2d 1108; *Weingarten* v. *Allstate Ins. Co.,* 169 Conn. 502, 504, 363 A.2d 1055. Conclusions logically supported by the finding must stand. *Freccia* v. *Martin,* 163 Conn. 160, 164, 302 A.2d 280. The

court's conclusion that the examination was not job related cannot stand as it is not supported by the subordinate facts. Such a conclusion could be supported by the last paragraph of the court's finding if that was a subordinate fact, but it is not. That paragraph, numbered twenty-nine, merely recites that LaPine "testified" to the matters recited in that paragraph. Such a statement has no place in the finding, which should state facts and not testimony. *C.I.T. Corporation* v. *Cohen,* 117 Conn. 159, 161, 167 A. 102; *Blanton* v. *Wheeler & Howes Co.,* 91 Conn. 226, 230, 99 A. 494. "A finding should state ultimate, not evidential, facts; the statement of what a witness testified to is not, in that form, even a statement of an evidential fact." *Coast Central Mill Co.* v. *Russell Lumber Co.,* 88 Conn. 109, 113, 89 A. 898. The conclusion that the examination was not job related, therefore, cannot stand, as it is not supported by the subordinate facts. *Nader* v. *Altermatt,* 166 Conn. 43, 55, 347 A.2d 89; *Freccia* v. *Martin,* supra. Accordingly, the limited relief ordered by the trial court in the nature of mandamus was in error premised as it was on the court's conclusion that the duty to conduct only *job-related* examinations is not of a discretionary nature. In view of our conclusion it is not necessary for us to reach the question of whether this duty is of a discretionary nature. We do point out that recently we have reaffirmed the principle that "[t]he writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate remedy." *Kiszkiel* v. *Gwiazda,* 174 Conn. 176, 179, 383 A.2d 1348.

The plaintiffs' cross appeal requires no extended discussion because of the basis of our disposition

of the defendants' appeal. The plaintiffs argue in their brief that "the relief granted to the plaintiffs suffering the effects of an illegal examination should include back pay and reinstatement to the *status quo ante* pending the outcome of a new, appropriate examination." (Emphasis added.) We have already said that the subordinate facts fail to support the conclusion that the examination was not job related. That alone disposes of this argument of the plaintiffs premised as it is on what they urge was "an illegal examination." We do note, however, that the trial court concluded, inter alia, that there was no discrimination practiced against the plaintiffs, that there was no evidence that the examination was arbitrarily administered and that the plaintiffs were given the opportunity to take "the same merit system examination or examinations administered to all other applicants." Those conclusions must stand. Moreover, the finding discloses that the parties stipulated that "[n]either the state personnel commissioner nor any of his subordinates engaged in bad faith or fraud in the preparation, administration or grading of the subject examination."

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants on the appeal and to dismiss the plaintiffs' cross appeal.

In this opinion the other judges concurred.