POST ROAD IRON WORKS, INC. *v.* LEXINGTON
DEVELOPMENT GROUP, INC., ET AL.
(AC 18209)

Foti, Landau and Hennessy, Js.

Argued March 24—officially released August 17, 1999

*Scott R. Lucas*, for the appellants (defendants).

*Christopher Lagano*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendants, Lexington Development Group, Inc. (Lexington), and Robin Hill Farm, Inc. (Robin Hill), appeal from the judgment of the trial court accepting the report of the attorney trial referee and awarding the plaintiff damages. Although the defendants have raised numerous issues on appeal,[1] one is dispositive; that is, whether the trial court improperly accepted the attorney trial referee's report because it is devoid of necessary findings of fact. We reverse the judgment of the trial court.

The following facts provide a background for the dispositive issue. The plaintiff, Post Road Iron Works,

[1] The defendants also claim that the trial court improperly (1) accepted the attorney trial referee's determinations that (a) the Home Improvement Act, General Statutes § 20-418 et seq., did not apply because Robin Hill was not a contracting party and that the relationship between the plaintiff and Lexington was one of subcontractor and contractor and (b) Robin Hill did not prove its counterclaim under General Statutes § 42-110a et seq., Connecticut Unfair Trade Practices Act (CUTPA), (2) did not remand the matter to the attorney trial referee for further proceedings to determine damages and (3) did not conduct further proceedings to determine an award of attorney's fees to the defendants.

Inc., engages in the fabrication of structural and ornamental metal work and general blacksmithing. Robin Hill is a closely held corporation that owns residential property at 7 John Street in Greenwich (John Street property). A material issue in dispute is whether Lexington, also a closely held corporation, is an agent or general contractor for Robin Hill. Magnus Lindholm is the principal of both defendants and resides at the John Street property. Prior to the events that are the subject of this action, the defendants had engaged the plaintiff on numerous occasions to provide materials and services at the John Street property. On or about September, 1993, the parties entered into an oral agreement that the plaintiff would fabricate and install cabinets and doors for a barbecue grill and remove and reinstall the front railings at the John Street property. A dispute arose between the parties concerning the quality of the goods and services provided by the plaintiff, and the defendants refused to pay the plaintiff's invoice. The plaintiff, therefore, commenced an action against the defendants on or about August, 1995.

The amended complaint alleges four counts respectively, sounding in breach of contract, account stated, quantum meruit and unjust enrichment. The defendants asserted three special defenses to the amended complaint, including that the work was defective, that an oral contract precludes equitable relief and that the plaintiff failed to comply with the Home Improvement Act, General Statutes § 20-418 et seq. The defendants also alleged a two count counterclaim for breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiff asserted three special defenses to the defendants' counterclaim: one, that the plaintiff was a subcontractor, and, therefore, the Home Improvement Act does not apply; two, that some or all of the work performed did not constitute a home improvement; and

three, that the plaintiff is a properly registered home improvement contractor. The matter was claimed to the trial list and assigned to an attorney trial referee pursuant to General Statutes § 52-434 (a)[2] and Practice Book § 19-1 et seq.

The case was tried to an attorney trial referee who issued a five page report dated March 18, 1997 (report). Following an introductory paragraph setting forth the nature of the trial, the report is divided into three sections: seven findings of fact, discussion and recommendations. Subsequently, both the plaintiff and the defendants filed motions to correct the report, pursuant to Practice Book § 19-12.[3] The plaintiff asked the attorney trial referee to make four additions to the findings and to strike or reword certain portions of the discussion section because they are ambiguous. The defendants requested twenty-eight corrections to the attorney trial referee's findings of fact and eleven findings of law. The attorney trial referee issued a "restated referee's report" dated April 10, 1997 (restated report), in which he denied one of the plaintiff's requests and otherwise stated, "The Attorney Trial Referee's Report dated March 18, 1997 stands uncorrected."

[2] General Statutes § 52-434 (a) provides in relevant part: "(4) In addition to the judge trial referees who are appointed pursuant to subdivision (1), (2) or (3) of this subsection, the Chief Justice may appoint, from qualified members of the bar of the state, who are electors and residents of this state, as many state referees as he may from time to time deem advisable or necessary. . . ."

[3] Practice Book § 19-12 provides: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the [trial referee], such party shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions that are desired. The party shall accompany the motion with a brief statement of the grounds of each correction asked, with suitable references to the testimony. The file shall then be returned to the [trial referee] for consideration of the motion to correct. As soon as practicable the [trial referee] shall file with the court the motion to correct, together with the committee's decision thereon."

On or about April 21, 1997, the defendants filed, pursuant to Practice Book § 19-13,[4] an exception to the attorney trial referee's restated report because the attorney trial referee failed to adopt the defendants' proposed corrections and, pursuant to Practice Book § 19-14,[5] objections to acceptance of the restated report of the attorney trial referee. The plaintiff filed a written opposition to the defendants' objection and exception to the attorney trial referee's restated report. In a memorandum of decision dated August 4, 1997, the trial court ruled on the exception, objections to acceptance and opposition. The trial court concluded that it was "unable, at this time, to rule on the exceptions and objections filed by the defendants because of the absence of a detailed response by the referee to the defendants' motion to correct. In order to carry out a meaningful review of the referee's report and recommendations, a specific response to the thirty-nine

---

[4] Practice Book § 19-13 provides: "If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless its subject matter has been submitted to the [trial referee] in a motion to correct, provided that this requirement shall not apply to exceptions taken to corrections in the report or finding made after it was filed; *nor will the court correct a finding of fact unless a material fact has been found without evidence* or the [trial referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear. A party excepting on these grounds must file with the party's exceptions a transcript of the evidence taken before the [trial referee], except such portions as the parties may stipulate to omit." (Emphasis added.)

[5] Practice Book § 19-14 provides: "(a) A party may file objections to the acceptance of a report on the ground that *conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found,* or that the [trial referee] erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted.

"(b) If an objection raises an issue of fact the determination of which may require the consideration of matters not appearing in the report or stenographic notes of proceedings before the [trial referee], the adverse party shall, within two weeks after the filing of the objection, file a statement raising such issue." (Emphasis added.)

requests by the defendants to correct the report is needed, and thus the case is remanded to the referee for that purpose."

The attorney trial referee issued a ruling on the defendants' motion to correct dated October 7, 1997. The attorney trial referee denied twenty-seven of the defendants' twenty-eight requests for corrections of fact[6] and declined to rule on the defendants' requested corrections of law. The attorney trial referee commented that he reviewed the transcripts of the trial and that his recommendation would stand. The defendants renewed their exception to the restated report and objections to acceptance of the restated report, and the plaintiff renewed its opposition to the defendants' objections and exception. The trial court heard the objections and exceptions and filed a supplemental memorandum of decision dated February 24, 1998.

The trial court cited *Elgar* v. *Elgar*, 238 Conn. 839, 848–49, 679 A.2d 937 (1996), for the standard of review to be applied to the review of an attorney trial referee's report. The trial court determined that Lexington's status was the key issue in the case and that the attorney trial referee found, as a fact, that Lexington served as a general contractor for Robin Hill and that the transcript supported that finding. The second issue concerned the attorney trial referee's finding that the plaintiff's work was performed in a satisfactory manner. The trial court determined that that issue was quintessentially a factual determination that should not be disturbed by the court. The trial court noted that the parties provided contradictory testimony on this question and ultimately the trial court decided the issue on credibility, which is a factual determination. The trial court concluded that

---

[6] The attorney trial referee deleted his finding that Lexington did not file a special defense or counterclaim.

§ 19-14 cannot be used to attack an attorney trial referee's factual findings. The trial court accepted the attorney trial referee's recommendation and rendered judgment in favor of the plaintiff. The defendants appealed.

"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [now § 19-17]; *Rostenberg-Doern Co.* v. *Weiner,* 17 Conn. App. 294, 299, 552 A.2d 827 (1989). This court has articulated that attorney trial referees and [fact finders] share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. . . . *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 423–24, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990).

"The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.,* 214 Conn. 216, 223, 571 A.2d 107 (1990). *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 40–41, 632 A.2d 1134 (1993). A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *Farrell* v. *Farrell,* 36 Conn. App. 305, 309, 650 A.2d 608 (1994)." (Internal quotation marks omitted.) *Elgar* v. *Elgar,* supra, 238 Conn. 848–49.

Although it is true that when the trial court reviews the attorney trial referee's report the trial court may not retry the case and pass on the credibility of the witnesses, the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report. It is also true that the trial court cannot accept an attorney trial referee's report containing legal conclusions for which there are no subordinate facts. In the case before us, the attorney trial referee made just seven findings of fact, one of which merely describes photographic evidence. In the discussion portion of his report, the attorney trial referee summarizes the testimony of the witnesses without making findings of fact.

"This court has repeatedly stated that it is the function of a finding to state facts and not evidence. . . . A finding that certain testimony was given does not establish the truth of the facts testified to. . . . Thus the findings, which reveal the content of [the witness'] testimony, do not provide adequate factual basis for the court's conclusion." (Citations omitted.) *Velsmid* v. *Nelson,* 175 Conn. 221, 225, 397 A.2d 113 (1978). Recitations of testimony are not findings. See *C.I.T. Corp.* v. *Cohen,* 117 Conn. 159, 161, 167 A. 102 (1933). "A finding should state ultimate, not evidential, facts; the statement of what a witness testified to is not, in that form, even a statement of an evidential fact." *Coast Central Mill Co.* v. *Russell Lumber Co.,* 88 Conn. 109, 113, 89 A. 898 (1914); see also *Almeida* v. *Liberty Mutual Ins. Co.,* 234 Conn. 817, 825, 663 A.2d 382 (1995); *Scott* v. *Scott,* 190 Conn. 784, 790, 462 A.2d 1054 (1983); *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 278, 429 A.2d 865 (1980); *Cutler* v. *MacDonald,* 174 Conn. 606, 610, 392 A.2d 476 (1978).

Practice Book § 19-17 sets forth the function of the trial court when it is asked to render judgment on an

attorney trial referee's report.[7] When the trial court makes a finding that there are sufficient reasons why the attorney trial referee's report should not be accepted, the court shall reject the report and refer the matter to the same or another attorney trial referee or revoke the reference and leave the case to be disposed of by the court. See Practice Book § 19-17. Here, the trial court drew inferences from the attorney trial referee's report and entered them as factual findings in its memorandum of decision. This, the trial court may not do. The trial court may accept an attorney trial referee's report only when the recommendation is supported by the attorney referee's subordinate findings of fact.[8] We conclude, therefore, that the trial court improperly accepted the attorney trial referee's report.

The judgment is reversed and the case is remanded with direction to render judgment rejecting the report and for further proceedings in compliance with Practice Book § 19-17 (a).

In this opinion the other judges concurred.

---

[7] Practice Book § 19-17 (a) provides in relevant part: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the [trial referee] has materially erred in its rulings or that by reason of material corrections in its findings the basis of the report is subverted or that there are other *sufficient reasons why the report should not be accepted, the court shall reject the report* and refer the matter to the same or another [trial referee] for a new trial or revoke the reference and leave the case to be disposed of in court." (Emphasis added.)

[8] The briefs and arguments before us support our conclusion that the attorney trial referee's report is devoid of the necessary subordinate facts. In their briefs and arguments before us, counsel for both parties essentially made factual arguments rather than addressing the legal issues concerning the trial court's accepting the attorney trial referee's report.