[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a negligence action involving personal injuries resulting from a slip and fall on January 9, 1996, at the Greenwich Avenue branch of the defendant, People's Bank, in Greenwich. The plaintiffs are Joseph R. Holt and his wife, Donna Holt, who sues for loss of consortium.
The plaintiffs filed a complaint alleging that Mr. Holt slipped and fell on an accumulation of water, ice and snow existing inside the building on the bank floor. The plaintiffs further alleged that Mr. Holt was a business invitee, that the defendant was obliged to keep the premises in a reasonably safe condition for invitees such as the plaintiff, that the defendant had breached this duty by allowing water, ice and slush to accumulate within the building, and that such breach caused Mr. Holt to suffer various injuries. The defendant filed a special defense that any injuries sustained by Mr. Holt were due to his own contributory negligence.
The case was referred to Attorney Alfred H. Hoddinott, Jr., an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 19-2. The referee submitted a report finding that the defendant was negligent in allowing water, ice and snow to accumulate on the floor of the bank, and that this negligence was a substantial factor in causing the accident and injuries to the plaintiff. The referee also found that the defendant had proved its special defense that the plaintiff, Mr. Holt, was contributory negligent, and that this negligence on his part was a substantial factor in causing the accident and resultant injuries. The referee further determined in comparing the negligence of the plaintiff and the defendant that Mr. Holt was himself 70% contributory negligent, thus barring any recovery for the plaintiffs. General Statutes §52-572h(b).
The referee based his finding of contributory negligent on the following facts: (1) the plaintiff, Mr. Holt, knew the bank floor was wet and slippery; (2) Mr. Holt failed to take heed of the winter conditions; (3) he failed to heed warning signs posted CT Page 11766 by the defendant inside the bank; (4) he slipped on his way to the teller's station, thus failing to heed a warning; (5) he failed to wear foot gear that was appropriate for the winter and stormy conditions then existing; and (6) after completing his transaction with the teller, Mr. Holt waked back over the area he knew to be wet and slippery but had both hands occupied and failed to walk carefully.
Pursuant to Practice Book § 19-12, the plaintiffs moved to correct the referee's report.[1] The plaintiffs asked the referee to find that Mr. Holt was not contributorily negligent because: (1) his choice of footwear is irrelevant; (2) he did not slip while walking towards the teller; (3) he had not observed prior to his fall that the floor of the bank was slippery because of ice, snow, water and slush; and (4) Mr. Holt had not observed any cautionary signs placed inside the bank building by the defendant.
In response to the plaintiffs' motion to correct, the attorney trial referee declined to make any substantive changes in his report or his recommendation that judgment enter in favor of the defendant. The plaintiffs then filed exceptions to the report in accordance with Practice Book § 19-13, and included the transcript of the trial before the referee.[2] The exceptions relate to the referee's refusal to make the corrections to his report sought by the plaintiffs in their motion to correct.
The plaintiffs also filed objections to the report as authorized by Practice Book" § 19-14.[3] The objections involve the plaintiffs' claims that the referee made findings of fact that are not based upon adequate evidence at the trial, and that the referee's conclusion of contributory negligence was based on "irrelevant evidence."
This court's scope of review of an attorney trial referee's report was discussed by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). The court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 [now Practice Book § 19-17];. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or CT Page 11767 pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it. or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See alsoRapin v. Nettleton, 50 Conn. App. 640, 646, 718 A.2d 509 (1998) ("Where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous").(Internal quotation marks omitted.)
"The trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report. It is also true that the trial court cannot accept an attorney trial referee's report containing legal conclusions for which there are no subordinate facts." Post Road Iron Works, Inc. v. Lexington DevelopmentGroup, Inc., 54 Conn. App. 534, 541, ____A.2d ____ (1999). Thus, this court must review the transcript to determine whether there is support in the record for the referee's factual determinations regarding contributory negligence on the part of the plaintiff.
The first finding was that the plaintiff knew before he fell that the floor on which he was walking in the bank was wet and slippery. The transcript of the trial indicates that there was evidence to that effect upon which the referee was entitled to rely.[4]
The referee also determined that the plaintiff failed to take heed of the winter conditions prevailing on the day he fell. The transcript refers to a representation by the plaintiffs' attorney that the day before the accident, "on January 8th of 1996, there was a major snow storm in Connecticut." The plaintiff was asked to describe the walkway over which he walked in order to enter the defendant's bank.[5]
The referee found that the plaintiff failed to heed warning signs posted by the defendant in its branch where the fall occurred. The attorney for the plaintiff showed his client two CT Page 11768 photographs "which have a sign, `caution, wet floor!'" with an exclamation point."[6]
The attorney trial referee stated that the plaintiff had failed to heed a warning when he fell while approaching a teller's station. The teller in question handled the plaintiff's transaction on the day of the fall. The teller was asked to describe what happened as the plaintiff approached his work station.[7]
Another example of contributory negligence according to the referee was the type of foot gear that the plaintiff was wearing at the time of his fall. The boots were admitted into evidence. The plaintiff's attorney described them as "leather-soled with a rubber heel." The following testimony regarding the choice of footwear occurred during cross examination of the plaintiff.[8]
The referee also referred to what transpired after the plaintiff completed his transaction with the teller as an indication of contributory negligence. The plaintiff testified that he was putting his deposit book into the vest of his jacket. His attorney described the fall as follows: "Mr. Holt . . . had his right hand in an interior pocket, and he was holding the lapel of jacket in his left hand, in a fashion that is holding up the jacket."[9]
It is axiomatic that the defendant need not prove every one of its various allegations of contributory negligence, but only one such allegation to support a finding of contributory negligence. Hanken v. Buckley Bros., Inc., 159 Conn. 438, 440,270 A.2d 645 (1970).
In their motion to correct and exceptions, it appears that the plaintiffs are attempting to substitute their own version of the facts concerning these issues. If the plaintiffs' exceptions were sustained, the court in effect would be retrying the case and reexamining the credibility of the witnesses. This is not permitted. Argentinis v. Gould, 23 Conn. App. 9, 19,579 A.2d 1078, rev'd on other grounds, 219 Conn. 151,592 A.2d 375 (1991). Although the transcript contains testimony by Mr. Holt, for example, that is contrary to the claims of the defendant, it is obvious that the referee chose to believe testimony presented by the defendant. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. CT Page 11769 This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert,
supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
The recommendations of a referee should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v.Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). The facts found by the referee in this case are accepted because they find support in the record.
As to the court's second task, a referee's report may be accepted "only when the recommendation is supported by the attorney referee's subordinate findings of fact." Post Road IronWorks, Inc. v. Lexington Development Group, Inc., supra,54 Conn. App. 542. The referee's conclusion of contributory negligence on the part of the plaintiff and his recommendation that judgment enter for the defendant flow legally and logically from his factual findings. If Mr. Holt was contributory negligent, and such negligence was a substantial factor in causing the fall and resulting injuries, and his negligence was more than 50%, as the referee determined, it follows legally and logically that he cannot recover any money from the defendant because of General Statutes § 52-572h(b).
No material error in the referee's report has been found, and there are no other "sufficient reasons why the report should not be accepted." Practice Book § 19-17(a). Therefore, the report is accepted and judgment enters in favor of the defendant. CT Page 11770
Costs are to be taxed in favor of the defendant by the office of the chief clerk in accordance with General Statutes § 52-257
and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of August, 1999.
William B. Lewis, Judge.