[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF ATR REPORT (DOCKET ENTRY NO. 136)
The plaintiff, John Smith d/b/a JPS Construction, brought an action for breach of contract against the defendant, Anita Lynn LaCava. The case was referred to an attorney trial referee. On October 6, 1997, the attorney trial referee completed the trial. On March 10, 1998, the attorney trial referee filed his report, in which he found the following facts.[1] The defendant sought out the services of the plaintiff, who is a general contractor in the remodeling of restaurant locations. After several meetings between the plaintiff and the defendant, the defendant decided on remodeling the former Chop Chop restaurant in Westport. The plaintiff and defendant entered into an oral contract in which the plaintiff would remodel the restaurant into the "Meeting Street Grill" based on the plans drawn by the defendant's architect. The cost sheet for the restaurant totaled $85,270. Invoices on JPS Construction letterhead indicate three separate bills submitted to Faulding, the defendant's architect. The amounts of the invoices were $87,878, $16,963, and $2,390. Three checks drawn on the account of the Meeting Street Grill Corporation, signed by Lynn LaCava, and payable to JPS Construction were for the amounts of $17,319, $17,045, and $20,000. The plaintiff received these checks. The plaintiff agreed to do modifications at an additional cost. The Meeting Street Grill Corporation was incorporated on February 11, 1993, and Anita Lynn LaCava was the sole stockholder. On June 12, 1995, the Meeting Street Grill Corporation filed for bankruptcy. On October 17, 1995 the plaintiff, as JPS Construction, filed a proof of claim naming the Meeting Street Grill Corporation as a debtor for $37,000. The attorney trial referee specifically found that "since the certificate of incorporation and organization was filed on February 13, 1993 and the plaintiff was hired to do the renovations in March of 1993 such information that the CT Page 8321 defendant has formed a corporation was never discussed between the plaintiff and defendant." (Attorney Trial Referee's Findings of Fact and Memorandum, p. 4, ¶ 13.) The attorney trial referee, therefore, found that the defendant was personally liable for the debt in the amount of $34,412.
After motions to correct and exceptions and objections to the acceptance of the report were heard, the court, Mottolese, J., sustained the objections to the acceptance of the report and referred the matter back to the attorney trial referee. The court, Mottolese, J., held that the attorney trial referee materially erred in refusing to admit evidence for a limited purpose.
A second, supplemental trial was held on September 27, 1999. The subject of the second trial was a letter from the plaintiff's attorney to the defendant's attorney regarding settlement. Pursuant to the order of the court, Mottolese, J., the attorney trial referee admitted the letter, not as an offer of compromise, but as an admission of fact that the plaintiff knew that the defendant was an agent of the Meeting Street Grill Corporation. On February 18, 2000, the attorney trial referee filed his supplemental report and findings of fact. In his report, the attorney trial referee found that the use of the corporate name during negotiations of the parties or their representatives did nor surface until after the corporation filed a bankruptcy petition. All other exhibits refer to the Meeting Street Grill without reference to the restaurant as a corporation.[2] The attorney trial referee reiterated that an agent must disclose the fact that he/she is an agent and disclose the identity of the principal in order to avoid personal liability on a contract.
On February 18, 2000, the attorney trial referee filed his report. On February 22, 2000, the clerk of the court mailed the report out to the parties. On March 8, 2000, the defendant filed a motion to correct the supplemental report. The plaintiff also filed an objection to the motion to correct.[3] The attorney trial referee denied the motion. On April 3, 2000, the defendant filed an objection to the acceptance of the attorney trial referee's supplemental report. It is this motion that is currently before the court.[4]
The defendant objects to the acceptance of the attorney trial referee's report on the ground that the conclusions of law and fact stated in the report were not properly reached on the basis of the subordinate facts found. The defendant outlines nine separate objections relating to the attorney trial referee's factual findings. The defendant objects to the attorney trial referee's assessment of the plaintiff's credibility, and the attorney trial referee's failure to give weight to the testimony of CT Page 8322 the plaintiff regarding her assertions that she told the plaintiff of the existence of the corporation. In response, the plaintiff argues that the rules of practice do not permit attacks on the factual findings of an attorney trial referee. In the alternative, the plaintiff argues that the factual findings are consistent with the evidence.
"A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found. . . ." Practice Book §19-14. Practice Book § 19-17(a) further provides in relevant part:
 "The court shall render such judgment as the law requires upon the facts in the report. If the court finds that the committee or attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report . . .
A reviewing court cannot retry the facts or pass upon the credibility of the witnesses. Meadows v. Higgins, 249 Conn. 155, 162, 733 A.2d 172
(1999).
Furthermore, it is the function of a finding to state facts and not evidence. Post Road Iron Works, Inc. v. Lexington Development Group,Inc., 54 Conn. App. 534, 541, 736 A.2d 923 (1999). A finding that certain testimony was given does not establish the truth of the facts testified to. Id. Thus the findings, which reveal the content of the witness' testimony, do not provide adequate factual basis for the ATR's conclusion. Id. A finding of fact is clearly erroneous when there is no evidence in the record to support it or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.Meadows v. Higgins, supra, 249 Conn. 162.
In the present case, the attorney trial referee's original report is divided into fourteen paragraphs. Seven of those paragraphs consist of contents of both the plaintiff's and the defendant's testimony, and of the claims and assertions of the parties. The supplemental report, which contains seven paragraphs, consists of one paragraph on the background of the case, and four paragraphs outlining evidence and the attorney trial referee's thoughts on that evidence. Paragraph six states the attorney trial referee's finding that the corporate name surfaced only after it filed for bankruptcy. The seventh paragraph, which begins with a claim of the plaintiff, finishes with a statement of the law that agents are liable on contracts when they do not disclose the fact that they are an agent and the identity of the principal. CT Page 8323
Based on the facts found, the attorney trial referee's legal conclusion is correct. To avoid personal liability, an agent must disclose to the party with whom he deals both the fact that he is acting in a representative capacity and the identity of his principal. Rich-TaubmanAssociates v. Commissioner of Revenue Services, 236 Conn. 613, 619,674 A.2d 805 (1996).
As previously stated, the attorney trial referee found that the plaintiff and defendant entered into an oral contract. The attorney trial referee also found that the parties never discussed the Meeting Street Grill as a corporation. Indeed, the word corporation" was not appended to the name "Meeting Street Grill" on any correspondence between the parties or their agents until after the bankruptcy action was filed. Therefore, the attorney trial referee's conclusion that the plaintiff was personally liable on the contract was not clearly erroneous because all that is needed for personal liability of the agent under these circumstances is a lack of disclosure that the agent is working on behalf of a known principal. Consequently, the evidence in the record supports the ultimate finding that the defendant did not disclose the existence of a principal. Furthermore, based on the entire evidence, the court is not left with the definite conviction that a mistake has been made.
Based on the foregoing, this court overrules the defendant's objection and enters judgment for the plaintiff based on the findings of the attorney trial referee.
MELVILLE, J.