T. CHRISTOPHER KILLION ET AL. *v.*
IAN MARTIN DAVIS
(AC 19034)

Foti, Landau and Daly, Js.

Argued March 30—officially released August 15, 2000

*Jonathan Turley,* pro hac vice, with whom were *Lorey R. Leddy* and, on the brief, *Stefan Underhill,* for the appellant (defendant).

*Ronald P. Mysliwiec,* with whom were *Steven D. Ecker* and, on the brief, *Leigh A. Newman,* for the appellees (plaintiffs).

*Opinion*

LANDAU, J. The defendant, Ian Martin Davis, appeals from the judgment of the trial court rendered in favor of the plaintiffs, T. Christopher Killion and Brad J. Felenstein, in accordance with the report of an attorney trial referee in this breach of contract action. Although the defendant has raised four issues on appeal,[1] one is dispositive; that is, whether the court improperly accepted the attorney trial referee's conclusion that the defendant was personally liable for an oral promise to give bonuses to the plaintiffs, who were employees of the company of which the defendant was the principal owner. We reverse the judgment of the trial court.

The following facts provide a background for the dispositive issue. The defendant and his wife were the sole shareholders of Sports Marketing Group, Inc. (Sports Marketing), and contracted to sell their stock to Times Mirror Magazine (Times Mirror) for more than $5 million. Prior to the sale to Times Mirror, the defendant, who was also the president of Sports Marketing, informed the plaintiffs in separate conversations that they would each receive $100,000 if they remained with Sports Marketing for three years following the sale.[2] The defendant and Times Mirror agreed that Times Mirror would withhold a portion of the purchase price due to the defendant and pay the plaintiffs directly at the end of three years. Although the plaintiffs remained employed at Sports Marketing for the requisite three years, they did not receive the $100,000 promised to them.

---

[1] The defendant also claims that the court improperly (1) concluded that the oral agreement to pay the plaintiffs was not barred by the statute of frauds, (2) failed to correct factual and legal errors in the attorney trial referee's report and (3) abused its discretion by awarding prejudgment interest. Because we agree with the defendant on the issue of personal liability, we do not reach his three other claims.

[2] The plaintiffs had been working for the small company since its inception.

The plaintiffs thereafter brought an action against the defendant rather than Sports Marketing or Times Mirror to enforce the oral promise. The matter was heard by an attorney trial referee, who issued a report concluding that the defendant should pay the plaintiffs $100,000 each plus prejudgment interest. While the attorney trial referee found that the defendant, in his conversations with the plaintiffs, never specifically referenced his personal responsibility to pay the bonuses, the trial referee did conclude that it was reasonable for the plaintiffs to assume that the defendant would be personally responsible for the payment of the money. The trial referee also concluded that the plaintiffs' remaining employed for three years was for the benefit of the defendant in his sale of stock to Times Mirror and therefore evidenced the defendant's personal responsibility to pay the bonuses. The court adopted the report in its entirety when it rendered judgment.

The defendant claims first that the facts, even as found by the attorney trial referee in his report, do not support the conclusion that the defendant intended personally to be liable for the promise to pay bonuses to the plaintiffs. Because the promise, according to the defendant, was made in his capacity as president of Sports Marketing, therefore, Sports Marketing was responsible for payment of the plaintiffs' bonuses. We agree.

"The report of [an attorney trial referee] shall state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom. . . ." Practice Book § 19-8 (a). "While the reports of [attorney trial referees] in such cases are essentially of an advisory nature, it has not been the practice to disturb their findings when they are properly based upon evidence, in the absence of errors of law, and the parties have no right to demand that the court shall redetermine the fact thus found. . . . *Seal Audio, Inc.* v. *Bozak*,

*Inc.*, [199 Conn. 496, 508, 508 A.2d 415 (1986)]." (Internal quotation marks omitted.) *Kallas* v. *Harnen*, 48 Conn. App. 253, 257, 709 A.2d 586, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998). "A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. . . . This court has articulated that attorney trial referees and [fact finders] share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Citations omitted; internal quotation marks omitted.) *Post Road Iron Works, Inc.* v. *Lexington Development Group, Inc.*, 54 Conn. App. 534, 540, 736 A.2d 923 (1999).

"Although it is true that when the trial court reviews the attorney trial referee's report the trial court may not retry the case and pass on the credibility of the witnesses, the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report. It is also true that the trial court cannot accept an attorney trial referee's report containing legal conclusions for which there are no subordinate facts." Id., 541.

The plaintiffs in this case allege that the defendant made a personal promise to pay employment bonuses to them if they agreed to remain employed by Sports Marketing for three years. While the attorney trial referee agreed with the plaintiffs and concluded that the defendant was personally liable for promises he made to them, we cannot find support for such a conclusion in the facts found in the trial referee's report or the record as a whole. The defendant, according to the report, never specifically referenced his personal

responsibility for the payment of the bonuses to the plaintiffs. In fact, the plaintiff Killion testified in his deposition that he recalled the defendant telling him that Sports Marketing was going to pay for the bonus. Under these circumstances, the trial referee's conclusion that the defendant was personally liable for the promise is without support in the record.

"Upon the facts found we have the case of an agent within the scope of his authority contracting with a third party for a known principal, and no fact in the finding shows that the contract was with the agent personally. Under such circumstances, the liability is upon the principal and the agent is not liable." *Whitlock's Inc.* v. *Manley*, 123 Conn. 434, 437, 196 A. 149 (1937). We cannot support the conclusion of the trial referee that the president of a corporation, when making a promise to corporate employees about bonuses they were to receive for their job performance, can be held personally responsible for the promise, especially when the facts as found in the report state, specifically, that the defendant never referenced his personal responsibility. Therefore, on the basis of the facts found in the report of the attorney trial referee, we conclude that the defendant was entitled to judgment as a matter of law.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

attorney, and *Rosita M. Creamer*, senior assistant state's attorney, for the appellee (state).