[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ACCEPTANCE OF ATTORNEY TRIAL REFEREE REPORT
The plaintiff George E. O'Connell, and the defendant, Murphy's Law, LLC, have each filed objections to the acceptance of the report of the attorney trial referee. The referee herd evidence and made findings and recommendations with respect to the plaintiffs claim for unpaid wages and the defendant's claim for a set-off. For the reasons stated below, judgment shall enter in favor of the plaintiff in the amount of $6,500.00.
The referee's report was filed in compliance with Practice Book §19-8. The referee found, inter alia, that the plaintiff was due the sum of $7,800.00, that the amended complaint claims "unpaid commission in the amount of $5,000.00," and that "the plaintiff is therefore entitled to recover from the defendant the sum of $5,000.00 with interest at the statutory rate from June 30, 1999." The attorney trial referee recommended "that judgment be entered in favor of the plaintiff against the defendant in the amount of $5,000.00; and that judgment enter for the plaintiff on the defendant's set off"
The plaintiff objects to a portion of the report and presents the following arguments: (1) the referee applied an incorrect legal standard in assessing whether the plaintiff was entitled to enhanced damages; (2) the referee applied an incorrect interpretation of the statutory provision for enhanced damages; (3) the referee committed legal error in failing to conclude that the defendant's conduct was unreasonable; (4) and the referee incorrectly weighed the effect of the defendant's CT Page 8294 offering of $1,600.00 to resolve the dispute. The plaintiff wants this court to increase the award to $15,600.00 and to award an attorney's fee.
The defendant objects to an award of interest. It claims that judgment should enter against the defendant for $5,000.00 without interest.
The applicable standards for this court's review have been discussed by our Supreme Court, see Meadows v. Higgins, 249 Conn. 155, 162, 733 A.2d 172
(1999), and our Appellate Court, see Post Road Iron Works v. LexingtonDev. Group, 54 Conn. App. 534, 539, 736 A.2d 923 (1999). The court has reviewed the attorney trial referee's report, the exhibits, the transcript of the proceeding before the attorney trial referee, the briefs that have been filed by the parties, and the pleadings.
The referee' s report shows that referee was aware of the appropriate legal standard for the assessment of enhanced damages and that he correctly applied the standard. There is evidence in the record to support the findings of fact. The legal conclusions are supported by the subordinate facts.
At the time this case was referred to an attorney trial referee, the plaintiff claimed $5,000.00 in unpaid wages. He sought to recover twice the amount of wages, with attorney's fee, as allowed under General Statutes § 31-72. His prayer for relief also requested "such additional legal and equitable relief as the court may deem just." It would be unfair at this time to award the plaintiff $7,800.00 for unpaid wages since the matter was referred to the attorney trial referee with the understanding that the wage claim, in the absence of enhanced damages, was for $5,000.00. With respect to an award of interest, the plaintiffs prayer for relief together with the nature of the claim placed the defendant on notice that interest could be awarded. The interest on $5,000.00 from June 30, 1999, to June 30, 2002, is $1,500.00. See Gen. Stat. § 37-3a.
Judgment shall enter in favor of the plaintiff against the defendant in the amount of $6,500.00. Judgment shall enter for the plaintiff on the defendant's set-off
THIM, J.